## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KATIE ABEL, BILL CORTE, HARRIET GORDON, RODNEY MARK LEE, JR., DAVID  MERANUS, MICHAEL OTTO, STACEY SCHRODER,SCOTT RUMIREN, and NICHOLAS WEISSING, | Civil Action No. |
| Plaintiffs, | |
| vs. | **JURY TRIAL DEMANDED** |
| AT&T MOBILITY, LLC, | |
| Defendant. | |

### CLASS ACTION COMPLAINT

Plaintiffs KATIE ABEL, BILL CORTE, HARRIET GORDON, RODNEY MARK LEE, JR., DAVID  MERANUS, MICHAEL OTTO, STACEY SCHRODER, SCOTT RUMIREN, and NICHOLAS WEISSING, individually on their own behalf and respectively and collectively on behalf of each of the below-defined classes they respectively and/or collectively seek to represent (the "Statewide Classes"), upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, allege in support of this Class Action Complaint ("Complaint") against defendant AT&T Mobility, LLC ("AT&T Mobility" or "Defendant"), as follows:

### I. NATURE OF THE ACTION

1. Plaintiffs bring this action individually and as proposed representatives of the Statewide Classes they respectively seek to represent, comprised of persons within each of those states who (i) contracted with AT&T Mobility to purchase Internet access through either a cellular phone service plan offered by Defendant or through an AT&T

Mobility datacard, and (ii) were charged a fee by AT&T Mobility that was represented on the bill to be a state or local tax on such Internet access. AT&T Mobility made this representation even though it knew that each such state imposed no tax on internet access because such a tax was preempted by federal legislation – entitled the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.* (1998) –and/or the respective state statutes pertaining to such taxation, as set forth in detail below.[1]

2.  AT&T Mobility's systematic and unlawful misrepresentation that the fee it collects under the "tax" heading on its bills is, in fact, a required governmental tax has cost Plaintiffs and the other members of the proposed statewide classes hundreds of millions of dollars.

3.  AT&T Mobility also fraudulently conceals its conduct by not breaking out which portions of customers' bill are being taxed and at what rate(s). AT&T Mobility provides only a single tax charge that covers the tax allegedly owed for all parts of the bill, whether for voice service, messaging, or Internet-related data services.

4.  AT&T Mobility's unlawful assessment and collection of a fee falsely represented to be a required government tax constitutes a violation of consumer fraud and/or deceptive business practice acts of each of those states (where applicable),[2] a

---

[1] *See infra*, ¶ 23.

[2] Those statutes include: California Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq.* (2009); California Consumer Legal Remedies Act, CAL. CIVIL CODE § 1750, *et seq.* (2009); California False Advertising Law, CAL. BUS. & PROF. CODE § 17500, *et seq.* (2009); The Florida Deceptive and Unfair Trade Practices Act, § 501.201 *et seq.*, FLA. STAT.; MASS. GEN. LAWS ANN. CH. 93A, § 1 *et seq.*; ); New Jersey Consumer Fraud Act, N.J. STAT. ANN. 56:8-1, *et seq.*; N.Y. GEN. BUS. LAW § 349; N.C. GEN. STAT. § 75-1.1 *et seq.*; Ohio Consumer Sales Practices Act, OHIO REV. CODE ANN. § 1345.02, *et seq.*; Texas Deceptive Trade Practices-Consumer Protection Act, TEXAS BUS. & COMM. CODE ANN. § 17.45 *et seq.* and § 196 *et seq.*

breach of the parties' contracts and the common law duty of good faith and fair dealing imputed into each such contract, and unjust enrichment.

5.     Plaintiffs seek to recover for themselves and for the other members of the proposed statewide classes they respectively seek to represent damages in the amount of the state and local sales tax improperly charged by AT&T Mobility on sales of Internet access in Plaintiffs' respective states, punitive damages and injunctive relief, together with costs, expenses and attorneys' fees incurred in this action.

## II. PARTIES

*Plaintiffs*

6.     Katie Abel, a resident of the state of California, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device.  Plaintiff seeks to represent and pursue claims on her own behalf and on behalf of the California State Class (as defined below), under the applicable laws pertaining to those claims.

7.     Nicholas Weissing and Bill Corte are residents of the state of Florida, are individual consumers who are customers of AT&T Mobility.  These Plaintiffs purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device.  Plaintiffs seek to represent and pursue claims on their own behalf and on behalf of the Florida State Class (as defined below), under the applicable laws pertaining to those claims.

8.     Harriet Gordon, a resident of the state of Massachusetts, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device.

Plaintiff seeks to represent and pursue claims on her own behalf and on behalf of the Massachusetts State Class (as defined below), under the applicable laws pertaining to those claims.

9.      Scott Rumizen, a resident of the state of New Jersey, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device. Plaintiff seeks to represent and pursue claims on her own behalf and on behalf of the New Jersey State Class (as defined below), under the applicable laws pertaining to those claims.

10.     Stacey Schroder, a resident of the state of New York, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device. Plaintiff seeks to represent and pursue claims on her own behalf and on behalf of the New York State Class (as defined below), under the applicable laws pertaining to those claims.

11.     Rodney Mark Lee, Jr., resident of the state of North Carolina, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device. Plaintiff seeks to represent and pursue claims on his own behalf and on behalf of the Kansas State Class (as defined below), under the applicable laws pertaining to those claims.

12.     David Meranus, a resident of the state of Ohio, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device.  Plaintiff seeks to

represent and pursue claims on his own behalf and on behalf of the Ohio State Class (as defined below), under the applicable laws pertaining to those claims.

13.    Michael Otto, a resident of the State of Texas, is an individual consumer who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a wireless data plan that permits access to the Internet by a radio device.  Plaintiff seeks to represent and pursue claims on his own behalf and on behalf of the Texas State Class (as defined below), under the applicable laws pertaining to those claims.

*Defendant*

14.    AT&T Mobility, LLC ("AT&T Mobility") is a Delaware corporation in good standing and is authorized to do business in Florida, as well as in each of the other states implicated in this Complaint.  AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, Georgia.

### III.  <u>JURISDICTION AND VENUE</u>

15.    This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Florida including, but not limited to, the marketing and sale of Internet access services via its cellular network in this District.  Additionally, AT&T has specifically sold and contracted cellular service with internet access within this District to Plaintiff Weissing and Corte and regularly sends bills to Plaintiff Weissing and Corte's address containing misrepresentations, and the payments made by Plaintiff resulting from the fraud are initiated within this judicial District.

16.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act of 2005 ("CAFA"), because Plaintiffs bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs and certain

members of each of the proposed statewide classes are citizens of different states than Defendant and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant inhabits, transacts business, resides, is found, or has an agent in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

### IV.  COMMON FACTUAL ALLEGATIONS

18.     AT&T Mobility markets and sells several types of plans that provide access to the Internet wirelessly over its cellular network through a cellular telephone or a datacard built into or externally inserted into a computer.  The datacard allows the user to connect a computer to the Internet wirelessly via a radio device embedded in the computer or through a device that connects to the computer via a PCMCIA card or USB port.  Datacards do not transmit voice or pictures independently of the Internet. Consumers in the states at issue in this litigation purchase wireless Internet access from AT&T Mobility.

19.     AT&T Mobility is the exclusive seller of cellular service for the wildly popular and successful iPhone, and it has sold service for over 40 million iPhones alone. Each iPhone comes with a data plan that includes internet access, and AT&T Mobility has collected sales tax for the Internet access plan it has sold for each and every iPhone.

20.     Where AT&T Mobility sells its wireless data plan to owners of smart phones, including the iPhone, AT&T Mobility includes internet access within the line item charge for a "data plan," as reflected on Plaintiffs' monthly bills.  Plaintiffs and the

other members of the statewide classes have purchased such data plans from AT&T Mobility.

21.     AT&T Mobility states the charges for these Internet access plans as a separate line item charge on the bills it sends to its customers, including Plaintiffs and the other members of the statewide classes.

22.     The Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.* (1998) as amended, prohibits state and local governments from imposing taxes on Internet access. "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: . . . (1) Taxes on Internet access."

23.     Pursuant to the Internet Tax Freedom Act, the phrase "Internet access" is defined as: "(A) . . . a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold – (i) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]"  47 U.S.C. § 151 note § 1105(5).

24.     In this same vein, under Florida law, Sections 202.12 and 202.151, FLA. STAT. impose a tax on purchases and uses of "communications services" in the state of Florida, however, the term "communications service" does not include "Internet access service, electronic mail service, electronic bulletin board service, or similar online computer services."  § 202.1(2)(h), FLA. STAT.  Similar exemptions or provisions acknowledging internet access is <u>not</u> taxable exist in the statutes of states implicated in

- 7 -

this Complaint. *See, e.g.*, N.Y. TAX LAW § 1115(v); 1997 MASS. ACTS c. 88, § 23 (as interpreted by Technical Information Release 05-8); MASS. GEN. LAWS ch. 64H, § 6; N.J. STAT. ANN. § 54:32B; N.C.G.S.A. § 105-164.13(43a); OHIO REV. CODE ANN. § 5739.02; TEX. TAX CODE ANN. § 151.0101 (2001) & § 151.325.

25.     Notwithstanding this prohibition on taxation of Internet access under federal law – and/or the corresponding state law restrictions precluding such taxation – AT&T Mobility improperly and illegally charges its customers – including Plaintiffs and each of the other members of the statewide classes – state and local sales tax on Internet access on its monthly bills.

26.     The propriety and imposition of taxes are material facts to Plaintiff and Statewide Class members.

27.     AT&T Mobility can reasonably identify its charges to Plaintiffs and the other members of the statewide classes for Internet access from the books and records it keeps in its regular course of business.  AT&T Mobility knows how much its data plans are utilized for Internet-related and non-Internet-related purposes, as those terms are defined under the Act.  AT&T Mobility knows precisely how many minutes of Internet usage are associated with each of its customers' accounts, and AT&T Mobility knows the average ratio of Internet to non-Internet use averaged across the users of similarly bundled service packages.

28.     The now-famous tale of the 300 page iPhone bill proves AT&T Mobility's ability to identify and separate out its customers' Internet charges.  Early on in the sale of iPhones, AT&T Mobility sent out detailed billing to its customers that itemized every data transfer, including background traffic, for e-mails, text messaging, and Web

browsing. This generated a large number of entries on the detailed bills. After early iPhone adopters started receiving their first monthly bills, stories of unusually large and expensive iPhone bills began to circulate widely over the Internet, including the 300-page bill received by Justine Ezarik, whose online posting of her AT&T Mobility bill became a viral video sensation (http://www.youtube.com/watch?v=UdULhkh6yeA). Many other heavy users received 50- to 100-page bills. While AT&T Mobility no longer sends out such detailed bills unless requested, it demonstrably has the ability in its books and records to break out utilization for Internet and non-Internet related purposes on an individualized basis.

29.     Moreover, with respect to its unlimited, flat-fee data plans, AT&T Mobility knows, or is able to identify from the books and records it keeps in its regular course of business, what part of that flat fee covers Internet charges and what part of that flat fee covers other charges (if any).

## V. <u>CLASS ACTION ALLEGATIONS</u>

30.     Plaintiffs respectively bring Counts I-LII, as set forth below, against Defendant, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, individually and respectively on behalf of the following statewide Classes (collectively the "Statewide Classes") comprised of individuals or entities within each of those states who, during the time period relevant to this action, entered into contracts with AT&T Mobility to obtain Internet access from AT&T Mobility through a smart phone or a wireless data card and who were charged tax by AT&T Mobility for that Internet access, on behalf of which each of the Plaintiffs respectively asserts claims against AT&T Mobility:

> (a)   The California State Class; (b) The Florida State Class; (c) The Massachusetts State Class; (d) The New Jersey State Class; (e) The New York State Class; (f) The North Carolina State Class; (g) The Ohio State Class; and (h) The Texas State Class.

Excluded from each of the Statewide Classes are the Court and its employees; AT&T Mobility; any parent, subsidiary, or affiliate of AT&T Mobility; all AT&T Mobility current employees; and governmental entities.

31.     The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied for each of the foregoing Classes, because the members of each Class are so numerous and geographically dispersed that joinder of all Class members is impracticable.  Plaintiffs believe that there are at least thousands of members of each Class located throughout the respective states of each of those Classes.

32.     The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied for each of the foregoing Classes, because there are questions of law or fact common to each of the Classes, including but not limited to:

a. Whether AT&T Mobility charged and collected from Plaintiffs and the other members of each of the Statewide Classes they respectively seek to represent sales tax on Internet access in violation of the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.* (1998), and the various state laws stated above and outlined below;

b. Whether AT&T Mobility's improper charging and collection of sales tax to Plaintiffs and the other members of each of the Statewide Classes they respectively seek to represent constitutes a breach of AT&T Mobility's contracts with Plaintiffs and each of the other members of the Statewide Classes, including the covenant of good faith and fair dealing imputed within each of those contracts, under the state laws applicable to each of the Statewide Classes;

c. Whether AT&T Mobility's improper charging and collection of sales tax on Internet access from Plaintiffs and the other members of each of the Statewide Classes they respectively seek to represent constitutes a violation of those states' consumer protection and/or deceptive trade practice acts, as applicable;

d. Whether AT&T Mobility was unjustly enriched by virtue of its wrongful conduct, as alleged herein, under the laws pertaining to each of the Statewide Classes' claims;

e. Whether the members of each of the Statewide Classes are entitled to compensatory, treble, and/or punitive damages; and

       f.   Whether the members of each of the Statewide Classes are entitled to declaratory, injunctive, or other equitable relief.

33.     The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because Plaintiffs' claims are typical of the claims of all other members of each of the Statewide Classes they respectively seek to represent, as they have all sustained damages resulting from AT&T Mobility's charging of sales tax for Internet access.

34.     The adequacy requirement of Fed. R. Civ. P. 23(a)(4) is satisfied because Plaintiffs will fairly and adequately protect the interests of the members of each of the Statewide Classes they respectively seek to represent and have no interests that are antagonistic to or which conflict with those of the other members of those Classes. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in litigation of this nature to represent themselves and the other members of each of the Statewide Classes.

35.     Absent a representative class action, members of each of the Statewide Classes would continue to suffer the harm described herein, for which they would have no remedy.  Even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for AT&T Mobility.  The proposed Statewide Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

36.     AT&T Mobility has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of each of the Statewide Classes, thereby rendering class certification and injunctive or declaratory relief with respect to those Statewide Classes appropriate.   Certification under Fed. R. Civ. P. 23(b)(2) would, therefore, be appropriate.

37.     As explained above, numerous common questions of fact and law exist. These questions predominate over any individual questions presented in this action.   The predominance requirement of Fed. R. Civ. P. 23(b)(3) is thus satisfied.

38.     A class action is the superior method for the fair and efficient adjudication of this controversy, because joinder of all members of each of the Statewide Classes, is impracticable.   Because the damages suffered by individual members of each of the Statewide Classes, may be relatively small, the expense and burden of litigation would prevent the members of each of those Statewide Classes from individually redressing the wrongs done to them.   Where, as here, the size and nature of individual Statewide Class members' claims would allow few, if any, members of those Classes to seek legal redress against AT&T Mobility for the wrongs complained of herein, a representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice.   Furthermore, a class action regarding the issues in this count creates no significant problems of manageability.   The superiority and manageability requirements of Fed. R. Civ. P. 23(b)(3) are thus satisfied.

## VI. PLAINTIFFS' CLAIMS FOR RELIEF

**A.** **Claims Brought On Behalf Of The California State Class**

### COUNT I
### Breach of Contract
### (Brought on behalf of the California State Class)

39.     Plaintiff Katie Abel ("Plaintiff," for the purposes of the California State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

40.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of California.

41.     AT&T Mobility entered into form contracts with Plaintiff and the other members of the California State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the California State Class for all applicable and legally due federal, state, and local taxes.

42.     The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

43.     Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.*, AT&T Mobility charged Plaintiff and the other members of the California State Class state and/or local taxes for Internet access.

44.     By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the California State Class.

45.     Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the California State Class, Plaintiff and each of the other

- 14 -

California State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and California State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other California State Class members.

46.     AT&T Mobility's breaches of its contracts with Plaintiff and the other members of the California State Class caused Plaintiff and the other members of the California State Class to sustain damages in an amount to be determined at trial.

## COUNT II
### Breach of the Covenant of Good Faith and Fair Dealing
### (Brought on behalf of the California State Class)

47.     Plaintiff Katie Abel ("Plaintiff," for the purposes of the California State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

48.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of California.

49.     AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the California State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those other California State Class members, which is imputed into every contract under the common law of the State of California.

50.     By improperly and unfairly charging Plaintiff and the other members of the California State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other California State Class members.

51. The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the California State Class to suffer damages in an amount to be determined at trial.

**COUNT III**
**Violation of the California False Advertising Law**
**CAL. BUS. & PROF. CODE § 17500, *et seq.***
**(Brought on behalf of the California State Class)**

52. Plaintiff Katie Abel ("Plaintiff," for the purposes of the California State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

53. Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of California.

54. California's False Advertising Law, Division 7, Part 3, Chapter 1, Article 1 of the California Business and Professions Code, makes it unlawful, in connection with the sale of goods or services, to make or disseminate "any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

55. AT&T Mobility in the course of its business, by its above-described conduct, engaged in one or more acts characterized as "untrue or misleading," pursuant to CAL. BUS. & PROF. CODE § 17500, *et seq.*

56. AT&T Mobility, by failing to inform Plaintiff and the other members of the California State Class on its billing documents that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, misrepresented, misled, and deceived and/or omit or suppress material information regarding the truthfulness of the characteristics of the transaction or the obligations pertaining therein.

- 16 -

57.     AT&T Mobility used or employed the unlawful practices described above with the intent that Plaintiff and the other members of the California State Class would rely thereupon.

58.     AT&T Mobility's violations of the California false advertising laws caused Plaintiff and the other members of the California State Class to sustain substantial and ascertainable losses of money and/or property and other damages, in an amount to be determined at trial.

59.     On behalf of herself and all persons similarly situated, Plaintiff requests restitution, rescission, and injunctive relief.

<u>**COUNT IV**</u>
**Violation of the California Consumer Legal Remedies Act,**
**CAL. CIVIL CODE § 1750, *et seq.***
**<u>(Brought on behalf of the California State Class</u>)**

60.     Plaintiff Katie Abel ("Plaintiff," for the purposes of the California State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

61.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of California.

62.     The California Consumer Legal Remedies Act, Division 3, Part 4, Title 1.5, Chapter 1 of the California Civil Code (the "CLRA"), was enacted to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.  The CLRA is to be liberally construed and applied to promote those purposes.

63.     AT&T Mobility in the course of its business, by its above-described conduct, engaged in one or more acts characterized as "unfair methods of competition

and unfair or deceptive acts or practices," pursuant to CAL. CIVIL CODE § 1770, hereinafter set forth, *inter alia*:

    a. CLRA §1770(5): "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ";

    b. CLRA §1770(14): "Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

64.    AT&T Mobility, by failing to inform Plaintiff and the other members of the California State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, misrepresented, misled, and deceived and/or omitted or suppressed material information regarding the characteristics of the transaction or the obligations pertaining therein; and failed to inform Plaintiff and the other members of the California State Class of a material fact in connection with the sale of goods or services in violation of California law.

65.    AT&T Mobility used or employed the unfair or deceptive practices described above with the intent that Plaintiff and the other members of the California State Class would rely thereupon.

66.    Plaintiff and the other members of the California State Class relied on AT&T Mobility's aforementioned deceptive acts and practices to the detriment of Plaintiff and the other members of the California State Class, and such deceptive acts and practices occurred in the course of conduct involving trade or commerce.

67.     AT&T Mobility's violations of the California Consumer Legal Remedies Act caused Plaintiff and the other members of the California State Class to sustain substantial and ascertainable losses of money and/or property and other damages, in an amount to be determined at trial.

68.     Plaintiff and the other members of the California State Class members seek an order enjoining AT&T Mobility's wrongful acts and practices.

**COUNT V**
**Violation of California's Unfair Competition Law,**
**CAL. BUS. & PROF. CODE § 17200, *et seq.***
**(Brought on behalf of the California State Class)**

69.     Plaintiff Katie Abel ("Plaintiff," for the purposes of the California State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

70.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of California.

71.     California's Unfair Competition Law, Division 7, Part 2, Chapter 5 of the California Business & Professions Code (the "UCL"), prohibits unfair competition, which it defines as any unlawful, unfair, or fraudulent business act or practice; unfair, deceptive, untrue or misleading advertising; and any act prohibited by the False Advertising Law, CAL. BUS. & PROF. CODE § 17500, *et seq*.

72.     The UCL provides for injunctive relief, restitution, and disgorgement of appropriate monies for any violations thereof.

73.     AT&T Mobility in the course of its business, by its above-described conduct, engaged in one or more acts characterized as "unlawful, unfair, or fraudulent business act or practice," pursuant to CAL. BUS. & PROF. CODE § 17200.

74.     AT&T Mobility, by failing to inform Plaintiff and the other members of the California State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, employed an unlawful, unfair, or fraudulent business act or practice to defraud, mislead, and deceive and/or suppress material information regarding the characteristics of the transaction or the obligations pertaining therein; and failed to inform Plaintiff and the other members of the California State Class of a material fact in connection with the sale of goods or services in violation of California law.

75.     AT&T Mobility intended for Plaintiff and the other members of the California State Class to rely on its aforementioned unlawful, unfair, or fraudulent business acts and practices to the detriment of Plaintiff and the other members of the California State Class, and such deceptive acts and practices occurred in the course of conduct involving trade or commerce.

76.     AT&T Mobility's violations of the California consumer protection laws caused Plaintiff and the other members of the California State Class to sustain substantial and ascertainable losses of money and/or property and other damages, in an amount to be determined at trial.

77.     AT&T Mobility continues to charge and collect from Plaintiff and the other members of the California State Class state and/or local taxes on its sale of Internet access to them.

78.     CAL. BUS. & PROF. CODE § 17203 permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other

members of the California State Class, and to restore to Plaintiff and all California State Class members all amounts owing to them.

## COUNT VI
## Common Law Unjust Enrichment
## (Brought on behalf of the California State Class)

79.     In the alternative to Count I, Plaintiff Katie Abel ("Plaintiff," for the purposes of the California State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

80.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of California.

81.     To the extent that AT&T Mobility retains any amount of the state and local sales tax it collects on its sale of Internet access to Plaintiff and the other members of the California State Class, AT&T Mobility has received a measurable benefit from Plaintiff and the other members of the California State Class during the relevant time period.

82.     To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the California State Class.

83.     AT&T Mobility's appreciation and acceptance of any such benefit is inequitable.  It would be unjust for AT&T Mobility to retain the above-described benefit.

84.     As a result of any unjust enrichment by AT&T Mobility, Plaintiff and the other members of the California State Class sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of AT&T Mobility's

enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**B.**     **Claims Brought On Behalf Of The Florida State Class**

**COUNT VII**
**Breach of Contract**
**(Brought on behalf of the Florida State Class)**

85.     Plaintiff Nicholas Weissing ("Plaintiff," for the purposes of the Florida State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

86.     Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Florida.

87.     All conditions precedent to bringing this action have been satisfied or waived.

88.     AT&T Mobility entered into form contracts with Plaintiff and the other members of the Florida State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the Florida State Class for all applicable and legally due federal, state, and local taxes.

89.     The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

90.     Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.*, and the strictures of §§ 202.12 and 202.151, FLA. STAT., AT&T Mobility charged

Plaintiff and the other members of the Florida State Class state and/or local taxes for Internet access.

91.     By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the Florida State Class.

92.     Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the Florida State Class, Plaintiff and each of the other Florida State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and Florida State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other Florida State Class members.

93.     AT&T Mobility's breaches of its contracts with Plaintiff and the other members of the Florida State Class caused Plaintiff and the other members of the Florida State Class to sustain damages in an amount to be determined at trial.

## COUNT VIII
### Breach of the Covenant of Good Faith and Fair Dealing
### (Brought on behalf of the Florida State Class)

94.     Plaintiff Nicholas Weissing ("Plaintiff," for the purposes of the Florida State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

95.     Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Florida.

96.     The implied covenant of good faith and fair dealing applies to every contract.

97.     The form contracts AT&T Mobility has entered with Plaintiff and Florida State Class Members are contracts of adhesion, such that AT&T Mobility has the sole power to draft and does draft the contract terms and has the sole discretion and the legal duty to charge for and collect appropriate taxes.

98.     As set forth above, despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, et seq., and the strictures of §§ 202.12 and 202.151, FLA. STAT., AT&T Mobility charged Plaintiff and the other members of the Florida State Class state and/or local taxes for Internet access.  As alleged above in Count VII, such conduct breaches AT&T Mobility's contract with Plaintiff and members of the Florida State Class.

99.     By improperly and unfairly charging Plaintiff and the other members of the Florida State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other Florida State Class members.

100.    The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the Florida State class to suffer damages in an amount to be determined at trial.

### COUNT IX
### Violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.,* FLA. STAT. (Brought on behalf of the Florida State Class)

101.    Plaintiff Nicholas Weissing ("Plaintiff," for the purposes of the Florida State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

102. Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Florida.

103. This is an action for actual damages and injunctive relief pursuant to Chapter 501, Part II, FLA. STAT., the "Florida Deceptive and Unfair Trade Practices Act" ("FDUTPA").

104. Plaintiff and Florida Stat Class members are "consumers," and Defendant at all material times has engaged in "trade or commerce" as defined in § 501.203, FLA. STAT., of FDUTPA.

105. Section 501.204(1) of FDUTPA prohibits Defendant from engaging in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

106. A violation of FDUTPA may be based the Act itself and on:

a. "The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts;" and/or

b. "Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." § 501.203(3), FLA. STAT.

107. AT&T Mobility in the course of its business, by its above-described conduct, failed to inform Plaintiff and the other members of the Florida State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, and AT&T Mobility represented expressly or by implication that the Internet data service had a tax status that it did not posses. As such, AT&T Mobility engaged in unfair or deceptive acts or practices in violation of FDUTPA, § 501.204.

108. AT&T Mobility's violations of the FDUTPA caused Plaintiff and the other members of the Florida State Class to be aggrieved and to sustain losses and actual damages in an amount to be determined at trial.

109. AT&T Mobility continues to charge and collect from Plaintiff and the other members of the Florida State Class state and/or local taxes on its sale of Internet access to them.

110. FDUTPA permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the Florida State Class, to award actual damages, and to award costs and attorney's fees to the prevailing party. § 501.211, FLA. STAT.

**COUNT X**
**Common Law Unjust Enrichment**
**(Brought on behalf of the Florida State Class)**

111. In the alternative to Count VII, Plaintiff Nicholas Weissing ("Plaintiff," for the purposes of the Florida State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

112. Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Florida.

113. As set forth above, AT&T Mobility charges and collects state and local sales tax on its sale of Internet access to Plaintiff and the other members of the Florida State Class, but AT&T Mobility is not permitted to do so lawfully.

114.    By paying AT&T Mobility the foregoing taxes, Plaintiff and members of the Florida State Class have conferred a measurable benefit on Defendant during the relevant time period.

115.    To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the Florida State Class.

116.    AT&T Mobility's appreciation and acceptance of any such benefit is inequitable.  It would be unjust for AT&T Mobility to retain the above-described benefit.

117.    Plaintiff and members of the Florida State Class have no fully adequate remedy at law.

118.    As a result of AT&T Mobility's unjust enrichment, Plaintiff and the other members of the Florida State Class are owed restitution by Defendant in an amount to be determined at trial and they seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

C.    **Claims Brought On Behalf Of The Massachusetts State Class**

**COUNT XI**
**Breach of Contract**
**(Brought on behalf of the Massachusetts State Class)**

119.    Plaintiff Harriet Gordon ("Plaintiff," for the purposes of the Massachusetts State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

120.    Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of Massachusetts.

121.    All conditions precedent to bringing this action have been satisfied or waived AT&T

122.    Mobility entered into form contracts with Plaintiff and the other members of the Massachusetts State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the Massachusetts State Class for all applicable and legally due federal, state, and local taxes.

123.    The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

124.    Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by 1997 MASS. ACTS c. 88, § 23 (as interpreted by Technical Information Release 05-8) and MASS. GEN. LAWS ch. 64H, § 6, which exempts or prohibits Internet access from the state sales tax, AT&T Mobility charged Plaintiff and the other members of the Massachusetts State Class state and/or local taxes for Internet access.

125.    By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the Massachusetts State Class.

126.    Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the Massachusetts State Class, Plaintiff and each of the other Massachusetts State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and Massachusetts State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other Massachusetts State Class members.

127.    AT&T Mobility's breaches of its contracts with Plaintiff and the other members of the Massachusetts State Class caused Plaintiff and the other members of the Massachusetts State Class to sustain damages in an amount to be determined at trial.

## COUNT XII
### Breach of the Covenant of Good Faith and Fair Dealing
### (Brought on behalf of the Massachusetts State Class)

128.    Plaintiff Harriet Gordon ("Plaintiff," for the purposes of the Massachusetts State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

129.    Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of Massachusetts.

130.    There is an implied covenant of good faith in every contract, requiring the parties to deal honestly and in good faith in both the performance and enforcement of the terms of their contract.

131.    The form contracts AT&T Mobility has entered with Plaintiff and Massachusetts State Class Members are contracts of adhesion, such that AT&T Mobility

has the sole power to draft and does draft the contract terms and has the sole discretion and the legal duty to charge for and collect appropriate taxes.

132.     As set forth above, despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, et seq., and the strictures of 1997 MASS. ACTS c. 88, § 23 (as interpreted by Technical Information Release 05-8) and MASS. GEN. LAWS ch. 64H, § 6, AT&T Mobility charged Plaintiff and the other members of the Massachusetts State Class state and/or local taxes for Internet access.

133.     As alleged above in Count XI, such conduct breaches AT&T Mobility's contract with Plaintiff and members of the Massachusetts State Class.

134.     AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the Massachusetts State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those other Massachusetts State Class members, which is imputed into every contract under the common law of the State of Massachusetts.

135.     By improperly and unfairly charging Plaintiff and the other members of the Massachusetts State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other Massachusetts State Class members.

136.     The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the Massachusetts State class to suffer damages in an amount to be determined at trial.

<u>**COUNT XIII**</u>
**Violation of the Massachusetts Consumer Protection Statute**
**MASS. GEN. LAWS CH. 93A, § 1,** *et seq.*
**(**<u>**Brought on behalf of the Massachusetts State Class**</u>**)**

137.     Plaintiff Harriet Gordon ("Plaintiff," for the purposes of the Massachusetts State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

138.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of Massachusetts.

139.     This is an action for actual damages and injunctive or other equitable relief pursuant to M.G.L.A. 93A § 1 *et seq.*

140.     At all times material hereto, Defendant engaged in "trade" or "commerce" within the meaning of M.G.L.A. 93A § 1(b).

141.     Defendant has been given actual or constructive notice of this action.

142.     Section 2(a) of M.G.L.A. 93A, prohibits AT&T Mobility from engaging in "[u]fair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

143.     AT&T Mobility in the course of its business, by its above-described conduct, failed to inform Plaintiff and the other members of the Massachusetts State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, and AT&T Mobility represented expressly or by implication that the Internet data service had a tax status that it did not posses.  As such, AT&T Mobility engaged in unfair or deceptive acts or practices in violation of § 2(a) of M.G.L.A. 93A.

144.     AT&T Mobility's violations of § 2(a) of M.G.L.A. 93A caused Plaintiff and the other members of the Massachusetts State Class to be aggrieved and to sustain

- 31 -

losses and damages in an amount to be determined at trial. The losses Plaintiff and the other members of the Massachusetts State Class suffered were foreseeable as a result of Defendant's deceptive or unfair acts or practices.

145. AT&T Mobility continues to charge and collect from Plaintiff and the other members of the Massachusetts State Class state and/or local taxes on its sale of Internet access to them.

146. Section 9 of M.G.L.A. 93A permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the Massachusetts State Class, to award damages, and to award costs and attorney's fees to the prevailing party.

## COUNT XIV
### Common Law Unjust Enrichment
### (Brought on behalf of the Massachusetts State Class)

147. In the alternative to Count XI, Plaintiff Harriet Gordon ("Plaintiff," for the purposes of the Massachusetts State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

148. Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of Massachusetts.

149. As set forth above, AT&T Mobility charges and collects state and local sales tax on its sale of Internet access to Plaintiff and the other members of the Massachusetts State Class, but AT&T Mobility is not permitted to do so lawfully.

150.    By paying AT&T Mobility the foregoing taxes, Plaintiff and members of the Massachusetts State Class have conferred a measurable benefit on Defendant during the relevant time period.

151.    To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the Massachusetts State Class.

152.    AT&T Mobility's appreciation and acceptance of any such benefit is inequitable.  It would be unjust for AT&T Mobility to retain the above-described benefit.

153.    Plaintiff and members of the Massachusetts State Class have no fully adequate remedy at law.

154.    As a result of AT&T Mobility's unjust enrichment, Plaintiff and the other members of the Massachusetts State Class are owed restitution by Defendant in an amount to be determined at trial and they seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**D.    Claims Brought On Behalf Of The New York State Class**

**COUNT XV**
**Breach of Contract**
**(Brought on behalf of the New York State Class)**

155.    Plaintiff Stacey Schroder ("Plaintiff," for the purposes of the New York State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

156. Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of New York.

157. All conditions precedent to bringing this action have been satisfied or waived.

158. AT&T Mobility entered into form contracts with Plaintiff and the other members of the New York State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the New York State Class for all applicable and legally due federal, state, and local taxes.

159. The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

160. Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.*, and the strictures of N.Y. TAX LAW § 1115(v), Mobility charged Plaintiff and the other members of the New York State Class state and/or local taxes for Internet access.

161. By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the New York State Class.

162. Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the New York State Class, Plaintiff and each of the other New York State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and New York State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other New York State Class members.

## COUNT XVI
### Breach of the Covenant of Good Faith and Fair Dealing
### (Brought on behalf of the New York State Class)

163.    Plaintiff Stacey Schroder ("Plaintiff," for the purposes of the New York State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

164.    Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of New York.

165.    There is an implied covenant of good faith in every contract, requiring the parties to deal honestly and in good faith in both the performance and enforcement of the terms of their contract.

166.    The form contracts AT&T Mobility has entered with Plaintiff and New York State Class Members are contracts of adhesion, such that AT&T Mobility has the sole power to draft and does draft the contract terms and has the sole discretion and the legal duty to charge for and collect appropriate taxes.

167.    As set forth above, despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, et seq., and the strictures of N.Y. TAX LAW § 1115(v), AT&T Mobility charged Plaintiff and the other members of the New York State Class state and/or local taxes for Internet access.

168.    As alleged above in Count XV, such conduct breaches AT&T Mobility's contract with Plaintiff and members of the New York State Class.

- 35 -

169.     AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the New York State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those other New York State Class members, which is imputed into every contract under the common law of the state of New York.

170.     By improperly and unfairly charging Plaintiff and the other members of the New York State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other New York State Class members.

171.     The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the New York State class to suffer damages in an amount to be determined at trial.

## COUNT XVII
### Violation of the New York Consumer Protection Act,
### N.Y. GEN. BUS. LAW § 349
### (Brought on behalf of the New York State Class)

172.     Plaintiff Stacey Schroder ("Plaintiff," for the purposes of the New York State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

173.     This is an action for actual damages and injunctive or other equitable relief pursuant to N.Y. GEN. BUS. LAW § 349.

174.     At all times material hereto, Defendant engaged in activities, acts and practices that were consumer-oriented and material.

175. N.Y. GEN. BUS. LAW § 349 prohibits AT&T Mobility from engaging in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."

176. AT&T Mobility in the course of its business, by its above-described conduct, failed to inform Plaintiff and the other members of the New York State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, and AT&T Mobility represented expressly or by implication that the Internet data service had a tax status that it did not posses. As such, AT&T Mobility engaged in materially misleading acts or practices and as a result engaged in deception in violation of N.Y. GEN. BUS. LAW § 349.

177. AT&T Mobility's violations of N.Y. GEN. BUS. LAW § 349 caused Plaintiff and the other members of the New York State Class to be injured and to sustain losses and damages in an amount to be determined at trial.

178. AT&T Mobility continues to charge and collect from Plaintiff and the other members of the New York State Class state and/or local taxes on its sale of Internet access to them.

179. N.Y. GEN. BUS. LAW § 349(h) permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the New York State Class, to award damages, and to award costs and attorney's fees to the prevailing plaintiff.

## COUNT XVIII
### Common Law Unjust Enrichment
### (Brought on behalf of the New York State Class)

180.     In the alternative to Count XV, Plaintiff Stacey Schroder ("Plaintiff," for the purposes of the New York State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

181.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the state of New York.

182.     As set forth above, AT&T Mobility charges and collects state and local sales tax on its sale of Internet access to Plaintiff and the other members of the New York State Class, but AT&T Mobility is not permitted to do so lawfully.

183.     By paying AT&T Mobility the foregoing taxes, Plaintiff and members of the New York State Class have conferred a measurable benefit on Defendant during the relevant time period.

184.     To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the New York State Class.

185.     AT&T Mobility's appreciation and acceptance of any such benefit is inequitable.  It would be unjust for AT&T Mobility to retain the above-described benefit.

186.     Plaintiff and members of the New York State Class have no fully adequate remedy at law.

187.     As a result of AT&T Mobility's unjust enrichment, Plaintiff and the other members of the New York State Class are owed restitution by Defendant in an amount to

be determined at trial and they seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**E.    Claims Brought On Behalf Of The North Carolina State Class**

**COUNT XIX**
**Breach of Contract**
**(Brought on behalf of the North Carolina State Class)**

188.    Plaintiff Rodney Mark Lee, Jr. ("Plaintiff," for the purposes of the North Carolina State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

189.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of North Carolina.

190.    All conditions precedent to bringing this action have been satisfied or waived.

191.    AT&T Mobility entered into form contracts with Plaintiff and the other members of the North Carolina State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the North Carolina State Class for all applicable and legally due federal, state, and local taxes.

192.    The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

193.    Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.*, and the strictures of N.C.G.S.A. § 105-164.13(43a), Mobility charged Plaintiff

and the other members of the North Carolina State Class state and/or local taxes for Internet access.

194.    By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the North Carolina State Class.

195.    Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the North Carolina State Class, Plaintiff and each of the other North Carolina State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and North Carolina State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other North Carolina State Class members.

<u>COUNT XX</u>
**Breach of the Covenant of Good Faith and Fair Dealing**
**(<u>Brought on behalf of the North Carolina State Class</u>)**

196.    Plaintiff Rodney Mark Lee, Jr. ("Plaintiff," for the purposes of the North Carolina State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

197.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of North Carolina.

198.    There is an implied covenant of good faith in every contract, requiring the parties to deal honestly and in good faith in both the performance and enforcement of the terms of their contract.

199.    The form contracts AT&T Mobility has entered with Plaintiff and North Carolina State Class Members are contracts of adhesion, such that AT&T Mobility has

the sole power to draft and does draft the contract terms and has the sole discretion and the legal duty to charge for and collect appropriate taxes.

200.    As set forth above, despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, et seq., and the strictures of N.C.G.S.A. § 105-164.13(43a), AT&T Mobility charged Plaintiff and the other members of the North Carolina State Class state and/or local taxes for Internet access.

201.    As alleged above in Count XV, such conduct breaches AT&T Mobility's contract with Plaintiff and members of the North Carolina State Class.

202.    AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the North Carolina State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those other North Carolina State Class members, which is imputed into every contract under the common law of the state of North Carolina.

203.    By improperly and unfairly charging Plaintiff and the other members of the North Carolina State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other North Carolina State Class members.

204.    The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the North Carolina State class to suffer damages in an amount to be determined at trial.

## COUNT XXI
### Violation of the North Carolina Consumer Protection Act, N.C.G.S.A. § 75-1.1 *et seq.* (Brought on behalf of the North Carolina State Class)

205.    Plaintiff Rodney Mark Lee, Jr. ("Plaintiff," for the purposes of the North Carolina State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

206.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of North Carolina.

207.    This is an action for damages pursuant to N.C.G.S.A. § 75-1.1 *et seq*.

208.    At all times material hereto, Defendant engaged in "commerce" and activities in or affecting commerce within the meaning of N.C.G.S.A. § 75-1.1(b).

209.    N.C.G.S.A. § 75-1.1(a) prohibits AT&T Mobility from engaging in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."

210.    AT&T Mobility in the course of its business, by its above-described conduct, failed to inform Plaintiff and the other members of the North Carolina State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, and AT&T Mobility represented expressly or by implication that the Internet data service had a tax status that it did not posses.  As such, AT&T Mobility engaged in unfair or deceptive acts or practices in violation of N.C.G.S.A. § 75-1.1(a).

211.    AT&T Mobility's violations of N.C.G.S.A. § 75-1.1(a) proximately caused Plaintiff and the other members of the North Carolina State Class to be injured and to sustain losses and damages in an amount to be determined at trial.

212.     AT&T Mobility continues to charge and collect from Plaintiff and the other members of the North Carolina State Class state and/or local taxes on its sale of Internet access to them.

213.     Pursuant to N.C.G.S.A. § 75-1.1 *et seq*., Plaintiff and North Carolina State Class members are entitled to recover damages from Defendant, to have their damages trebled and recover their attorneys fees.

### COUNT XXII
### Common Law Injunction
### (Brought on behalf of the North Carolina State Class)

214.     Plaintiff Rodney Mark Lee, Jr. ("Plaintiff," for the purposes of the North Carolina State Class's claims), repeats and realleges Paragraphs 1-38, Count XIX, and Count XXI, as though fully set forth herein.

215.     Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of North Carolina.

216.     AT&T Mobility form contracts with Plaintiff and the other members of the North Carolina State Class and N.C.G.S.A. § 75-1.1 *et seq*., create contractual and statutory duties for Defendant which it owes to Plaintiff and North Carolina State Class members, and they create legal rights for Plaintiffs and North Carolina State Class members.

217.     Specifically, the terms and conditions of the AT&T Mobility form contracts permit AT&T Mobility to charge for its services, including Internet access, and permit AT&T Mobility to charge Plaintiff and the other members of the North Carolina State Class for all applicable and legally due federal, state, and local taxes. AT&T Mobility's form contracts govern and give rise to the rights, duties and obligations of

- 43 -

Defendant on one hand, and Plaintiff and North Carolina State Class members on the other hand, *vis-à-vis* Plaintiff and North Carolina State Class members' purchase and use of AT&T Mobility's Internet data plans.

218. As set forth above, Defendant has violated its contractual duties, injured Plaintiff and North Carolina State Class members, and violated one or more cognizable legal rights Plaintiff and the North Carolina State Class.

219. N.C.G.S.A. § 75-1.1 *et seq*., imposes on Defendant a duty not to engage in deceptive or unfair acts or practices. As set forth above, Defendant has violated that duty, injured Plaintiff and North Carolina State Class members thereby, and violated one or more cognizable legal rights Plaintiff and North Carolina State Class members.

220. AT&T Mobility continues to charge and collect from Plaintiff and the other members of the North Carolina State Class state and/or local taxes on its sale of Internet access to them.

221. Defendant's acts and conduct have caused Plaintiff and North Carolina State Class members to be aggrieved, and unless enjoined by the Court Defendant will continue to aggrieve Plaintiff, North Carolina State Class members, and future customers.

222. Plaintiff and North Carolina State Class members have no fully adequate remedy at law by virtue of Defendant's on-going course of conduct.

223. Irreparable injury will be suffered unless an injunction issues to prevent Defendant from continuing to fail to inform Plaintiff and the other members of the North Carolina State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, and continuing to represent expressly or by implication that the Internet Data service had a tax status that it did not posses.

224. Any potential injury to Defendant attributable to an injunction is outweighed by the injury that Plaintiff and North Carolina State Class members and the public will suffer if such injunction is not issued, and such injunction would not be adverse to the public interest.

**COUNT XXIII**
**Common Law Unjust Enrichment**
**(Brought on behalf of the North Carolina State Class)**

225. In the alternative to Count XIX, Plaintiff Rodney Mark Lee, Jr., ("Plaintiff," for the purposes of the North Carolina State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

226. Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of North Carolina.

227. As set forth above, AT&T Mobility charges and collects state and local sales tax on its sale of Internet access to Plaintiff and the other members of the North Carolina State Class, but AT&T Mobility is not permitted to do so lawfully.

228. By paying AT&T Mobility the foregoing taxes, Plaintiff and members of the North Carolina State Class have conferred a measurable benefit on Defendant during the relevant time period.

229. To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the North Carolina State Class.

230. AT&T Mobility's appreciation and acceptance of any such benefit is inequitable. It would be unjust for AT&T Mobility to retain the above-described benefit.

231.    Plaintiff and members of the North Carolina State Class have no fully adequate remedy at law.

232.    As a result of AT&T Mobility's unjust enrichment, Plaintiff and the other members of the North Carolina State Class are owed restitution by Defendant in an amount to be determined at trial and they seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**F.    Claims Brought On Behalf Of The Ohio State Class**

**COUNT XXIV**
**Breach of Contract**
**(Brought on behalf of the Ohio State Class)**

233.    Plaintiff Dave Meranus ("Plaintiff," for the purposes of the Ohio State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

234.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Ohio.

235.    AT&T Mobility entered into form contracts with Plaintiff and the other members of the Ohio State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the Ohio State Class for all applicable and legally due federal, state, and local taxes.

236.    The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

237.    Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100,

*et seq.*, and by OHIO REV. CODE ANN. § 5739.02(B), AT&T Mobility charged Plaintiff and the other members of the Ohio State Class state and/or local taxes for Internet access.

238.    By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the Ohio State Class.

239.    Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the Ohio State Class, Plaintiff and each of the other Ohio State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and Ohio State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other Ohio State Class members.

240.    AT&T Mobility's breaches of its contracts with Plaintiff and the other members of the Ohio State Class caused Plaintiff and the other members of the Ohio State Class to sustain damages in an amount to be determined at trial.

**COUNT XXV**
**Breach of the Covenant of Good Faith and Fair Dealing**
**(Brought on behalf of the Ohio State Class)**

241.    Plaintiff Dave Meranus ("Plaintiff," for the purposes of the Ohio State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

242.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Ohio.

243.    AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the Ohio State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those

other Ohio State Class members, which is imputed into every contract under the common law of the State of Ohio.

244. By improperly and unfairly charging Plaintiff and the other members of the Ohio State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other Ohio State Class members.

245. The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the Ohio State class to suffer damages in an amount to be determined at trial.

**COUNT XXVI**
**Violation of the Ohio Consumer Sales Practices Act,**
**OHIO REV. CODE ANN. § 1345.01, *et seq.***
**(Brought on behalf of the Ohio State Class)**

246. Plaintiff Dave Meranus ("Plaintiff," for the purposes of the Ohio State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

247. Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Ohio.

248. The Ohio Consumer Sales Practices Act, Title XIII, Chapter 1345 of the Ohio Revised Code, proscribes any unfair or deceptive act or practice in connection with a consumer transaction.

249. AT&T Mobility in the course of its business, by its above-described conduct, engaged in one or more acts characterized as "unfair or deceptive," pursuant to OHIO REV. CODE ANN. § 1345.02, as set forth herein, *inter alia*:

a. OHIO REV. CODE ANN. § 1345.02(B)(1): Representing "that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have";

b. OHIO REV. CODE ANN. § 1345.02(B)(9): Representing "that the supplier has a sponsorship, approval, or affiliation that the supplier does not have";

c. OHIO REV. CODE ANN. § 1345.02(F)(2): "Knowingly providing a disclosure that includes a material misrepresentation."

250. By failing to inform Plaintiff and the other members of the Ohio State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, AT&T Mobility deceived Plaintiff and the other members of the Ohio State Class as to the source of the tax; represented that the Internet data service had a tax status that it did not posses; and engaged in an unfair or deceptive act or practice, in violation of OHIO REV. CODE ANN. § 1345.02. AT&T further failed to inform Plaintiff and the other members of the Ohio State Class of a material fact in connection with the sale of goods or services in violation of Ohio law.

251. AT&T Mobility intended for Plaintiff and the other members of the Ohio State Class to rely on its aforementioned deceptive acts and practices to the detriment of Plaintiff and the other members of the Ohio State Class, and such deceptive acts and practices occurred in the course of conduct involving trade or commerce.

252. AT&T Mobility's violations of the Ohio consumer protection laws caused Plaintiff and the other members of the Ohio State Class to sustain substantial and

ascertainable losses of money and/or property and other damages, in an amount to be determined at trial.

253.    AT&T Mobility continues to charge and collect from Plaintiff and the other members of the Ohio State Class state and/or local taxes on its sale of Internet access to them.

254.    OHIO REV. CODE ANN. § 1345.09 permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the Ohio State Class, and to award damages and other appropriate relief, as well as any other equitable relief the court deems necessary and proper.

### COUNT XXVII
### Common Law Unjust Enrichment
### (Brought on behalf of the Ohio State Class)

255.    In the alternative to Count XXIV, Plaintiff Dave Meranus ("Plaintiff," for the purposes of the Ohio State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

256.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Ohio.

257.    Pursuant to OHIO REV. CODE ANN. § 5739.12(B)(1), AT&T Mobility may "discount [ ] three-fourths of one per cent of the amount shown to be due on the return" that it collects.

258.    In accordance with this statute, upon information and belief, AT&T Mobility retains the permitted amount of the state and local sales tax it collects on its sale of Internet access to Plaintiff and the other members of the Ohio State Class.

259.    To the extent AT&T Mobility retains the permitted amount of the state and local sales tax it collects on its sale of Internet access to Plaintiff and the other members of the Ohio State Class, AT&T Mobility has received a measurable benefit from Plaintiff and the other members of the Ohio State Class during the relevant time period.

260.    To the extent AT&T Mobility has retained such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the Ohio State Class.

261.    AT&T Mobility's appreciation and acceptance of this benefit is inequitable.  It would be unjust for AT&T Mobility to retain the above-described benefit.

262.    As a result of AT&T Mobility's unjust enrichment, Plaintiff and the other members of the Ohio State Class sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**G.    Claims Brought On Behalf Of The Texas State Class**

**COUNT XXVIII**
**Breach of Contract**
**(Brought on behalf of the Texas State Class)**

263.    Plaintiff Michael Otto ("Plaintiff," for the purposes of the Texas State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

264.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Texas.

- 51 -

265.    AT&T Mobility entered into form contracts with Plaintiff and the other members of the Texas State Class permitting AT&T Mobility to charge for its services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the Texas State Class for all applicable and legally due federal, state, and local taxes.

266.    The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

267.    Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.*, and by TEX. TAX CODE ANN. § 151.325, AT&T Mobility charged Plaintiff and the other members of the Texas State Class state and/or local taxes for Internet access.

268.    By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the Texas State Class.

269.    Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the Texas State Class, Plaintiff and each of the other Texas State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and Texas State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other Texas State Class members.

270.    AT&T Mobility's breaches of its contracts with Plaintiff and the other members of the Texas State Class caused Plaintiff and the other members of the Texas State Class to sustain damages in an amount to be determined at trial.

## COUNT XXIX
### Breach of the Covenant of Good Faith and Fair Dealing
### (Brought on behalf of the Texas State Class)

271.    Plaintiff Michael Otto ("Plaintiff," for the purposes of the Texas State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

272.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Texas.

273.    AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the Texas State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those other Texas State Class members, which is imputed into every contract under the common law of the State of Texas.

274.    By improperly and unfairly charging Plaintiff and the other members of the Texas State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other Texas State Class members.

275.    The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the Texas State class to suffer damages in an amount to be determined at trial.

**COUNT XXX**
**Violation of the Texas Deceptive Trade**
**Practice-Consumer Protection Claim,**
**TEX. BUS. & COM. CODE ANN. § 17.41, *et seq.***
**(Brought on behalf of the Texas State Class)**

276. Plaintiff Michael Otto ("Plaintiff," for the purposes of the Texas State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

277. Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the State of Texas.

278. The Texas Deceptive Trade Practices-Consumer Protection Act, Title 2, Chapter 17, Subchapter E of the Texas Business and Commerce Code, was enacted to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection. Further, Subchapter E shall be liberally construed and applied to promote these purposes.

279. AT&T Mobility in the course of its business, by its above-described conduct, engaged in one or more acts characterized as "deceptive trade practices" pursuant to the TEX. BUS. & COM. CODE. ANN. § 17.45, as set forth herein, *inter alia*:

        d. TEX. BUS. & COM. CODE. ANN. § 17.45(b)(2): "Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services";

        e. TEX. BUS. & COM. CODE. ANN. § 17.45(b)(3): "Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another"; and

f. TEX. BUS. & COM. CODE. ANN. § 17.45(b)(12): "Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

280. AT&T Mobility's acts and practices, as alleged herein, constitute unfair, deceptive and/or fraudulent business practices in violation of the Texas Deceptive Trade Practices-Consumer Protection Act.

281. By failing to inform Plaintiff and the other members of the Texas State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, AT&T Mobility employed a scheme to defraud, mislead, and deceive and/or suppress material information; and failed to inform Plaintiff and the other members of the Texas State Class of a material fact in connection with the sale of goods or services in violation of TEX. BUS. & COM. CODE. ANN. § 17.45.

282. AT&T Mobility intended for Plaintiff and the other members of the Texas State Class to rely on its aforementioned deceptive acts and practices to the detriment of Plaintiff and the other members of the Texas State Class, in violation of TEX. BUS. & COM. CODE. ANN. § 17.50(a), and such deceptive acts and practices occurred in the course of conduct involving trade or commerce.

283. AT&T Mobility's violations of the Texas Deceptive Practices-Consumer Protection Act caused Plaintiff and the other members of the Texas State Class to sustain substantial and ascertainable losses of money and/or property and other damages, in an amount to be determined at trial.

284.     AT&T Mobility continues to charge and collect from Plaintiff and the other members of the Texas State Class state and/or local taxes on its sale of Internet access to them.

285.     TEX. BUS. & COM. CODE. ANN. § 17.50(b) permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the Texas State Class, and to award damages of up to three times the amount of economic damages.

**COUNT XXXI**
**Common Law Unjust Enrichment**
**(Brought on behalf of the Texas State Class)**

286.     In the alternative to Count XXVIII, Plaintiff Michael Otto ("Plaintiff," for the purposes of the Texas State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

287.     Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of Texas.

288.     Pursuant to TEX. TAX CODE. ANN. § 151.423, AT&T Mobility may "deduct and withhold one-half of one percent of the amount of taxes due from the taxpayer on a timely return as reimbursement for the cost of collecting the taxes imposed by this chapter."

289.     In accordance with this statute, upon information and belief, AT&T Mobility retains the permitted amount of the state and local sales tax it collects on its sale of Internet access to Plaintiff and the other members of the Texas State Class.

290.    By virtue of its conduct, as alleged above, AT&T Mobility has received a measurable benefit from Plaintiff and the other members of the Texas State Class during the relevant time period.

291.    AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the Texas State Class.

292.    AT&T Mobility's appreciation and acceptance of this benefit is inequitable.  It would be unjust for AT&T Mobility to retain the above-described benefit.

293.    As a result of AT&T Mobility's unjust enrichment, Plaintiff and the other members of the Texas State Class sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

**H.    Claims Brought On Behalf Of The New Jersey State Class**

**COUNT XXXII**
**Breach of Contract**
**(Brought on behalf of the New Jersey State Class)**

294.    Plaintiff Scott Rumizen ("Plaintiff," for the purposes of the New Jersey State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

295.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of New Jersey.

296.    AT&T Mobility entered into form contracts with Plaintiff and the other members of the New Jersey State Class permitting AT&T Mobility to charge for its

- 57 -

services, including Internet access, and permitting AT&T Mobility to charge Plaintiff and the other members of the New Jersey State Class for all applicable and legally due federal, state, and local taxes.

297.    The contract does not permit AT&T Mobility to charge taxes that are not actually due under the law, including taxes for Internet access.

298.    Despite the prohibition on charging state and local taxes to purchasers of Internet access imposed by the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.*, and by N.J. STAT. ANN. § 54:32B-2, AT&T Mobility charged Plaintiff and the other members of the New Jersey State Class state and/or local taxes for Internet access.

299.    By this conduct, AT&T Mobility breached its contracts with Plaintiff and each of the other members of the New Jersey State Class.

300.    Due to AT&T Mobility's breaches of its contracts with Plaintiff and each of the other members of the New Jersey State Class, Plaintiff and each of the other New Jersey State Class members were damaged in the amount of state and/or local taxes AT&T Mobility charged – and New Jersey State Class members paid – for Internet access, together with any interest on those monies AT&T Mobility wrongly charged Plaintiff and the other New Jersey State Class members.

301.    AT&T Mobility's breaches of its contracts with Plaintiff and the other members of the New Jersey State Class caused Plaintiff and the other members of the New Jersey State Class to sustain damages in an amount to be determined at trial.

## COUNT XXXIII
### Breach of the Covenant of Good Faith and Fair Dealing
### (<u>Brought on behalf of the New Jersey State Class</u>)

302.    Plaintiff Scott Rumizen ("Plaintiff," for the purposes of the New Jersey State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

303.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the State of New Jersey.

304.    AT&T Mobility's breaches of its form contracts with Plaintiff and each of the other members of the New Jersey State Class, as alleged above, constitute a breach of AT&T Mobility's covenant of good faith and fair dealing to Plaintiff and each of those other New Jersey State Class members, which is imputed into every contract under the common law of the State of New Jersey.

305.    By improperly and unfairly charging Plaintiff and the other members of the New Jersey State Class state and/or local sales tax for Internet access, AT&T Mobility breached its duty of good faith and fair dealing to Plaintiff and those other New Jersey State Class members.

306.    The aforementioned breach of the covenant of good faith and fair dealing caused the Plaintiff and the other members of the New Jersey State class to suffer damages in an amount to be determined at trial.

<u>COUNT XXXIV</u>
**Violation of the New Jersey Consumer Fraud Act,**
**N.J. Stat. Ann. § 56:8-1, *et seq.***
**(<u>Brought on behalf of the New Jersey State Class</u>)**

307.    Plaintiff Scott Rumizen ("Plaintiff," for the purposes of the New Jersey State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

308.    Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of New Jersey.

309.    The New Jersey Consumer Fraud Act, Title 56, Chapter 8 of the New Jersey Statutes, prohibits the act, use or employment of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of any merchandise.   Merchandise is defined by N.J. STAT. ANN § 56:8-1(c) as any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale.

310.    AT&T Mobility, by failing to inform Plaintiff and the other members of the New Jersey State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, engaged in deception, fraud, false pretense, false promise, misrepresentation, and/or knowing concealment, suppression, or omission regarding the characteristics of the transaction or the obligations pertaining therein; and failed to inform Plaintiff and the other members of the New Jersey State Class of a material fact in connection with the sale of goods or services in violation of New Jersey law.

311.     AT&T Mobility used or employed the fraudulent acts or practices described above with the intent that Plaintiff and the other members of the New Jersey State Class would rely thereupon.

312.     Plaintiff and the other members of the New Jersey State Class relied on AT&T Mobility's aforementioned deceptive acts and practices to the detriment of Plaintiff and the other members of the New Jersey State Class, and such deceptive acts and practices occurred in the course of conduct involving trade or commerce.

313.     AT&T Mobility's violations of the New Jersey consumer protection laws caused Plaintiff and the other members of the New Jersey State Class to sustain substantial and ascertainable losses of money and/or property and other damages, in an amount to be determined at trial.

314.     Plaintiff requests the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the New Jersey State Class, and to award damages, including punitive damages, as well as any other equitable relief the court deems necessary and proper.

### COUNT XXXV
**Common Law Unjust Enrichment**
**(Brought on behalf of the New Jersey State Class)**

315.     In the alternative to Count XXXIII, Plaintiff Scott Rumizen ("Plaintiff," for the purposes of the New Jersey State Class's claims), repeats and realleges Paragraphs 1-38, as though fully set forth herein.

316.     Plaintiff brings this claim on behalf of himself and all other purchasers of AT&T Mobility's Internet data plans in the state of New Jersey.

317. To the extent that AT&T Mobility retains any amount of the state and local sales tax it collects on its sale of Internet access to Plaintiff and the other members of the New Jersey State Class, AT&T Mobility has received a measurable benefit from Plaintiff and the other members of the New Jersey State Class during the relevant time period.

318. To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the New Jersey State Class.

319. AT&T Mobility's appreciation and acceptance of any such benefit is inequitable. It would be unjust for AT&T Mobility to retain the above-described benefit. As a result of any unjust enrichment by AT&T Mobility, Plaintiff and the other members of the New Jersey State Class sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and respectively on behalf of each of the Statewide Classes they seek to represent, respectfully request the following relief:

(a) that the Court determine that this action may be maintained as a class action, certify each Plaintiff to serve as a class representative of the statewide class he or she respectively seeks to represent;

(b)     that AT&T Mobility's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection, deceptive trade practice, and other statutory claims asserted, as well be adjudged as a breach of its contracts with Plaintiffs and each member of each of the Statewide Classes, as well as a breach of the covenant of good faith and fair dealing imputed therein, and the common law of unjust enrichment;

(c)     Plaintiffs and each of the other members of the Statewide Classes be awarded damages and, where applicable, treble, multiple, disgorgement, or other damages – with interest – according to the laws of each of the states comprising each of the Statewide Classes, respectively;

(d)     Plaintiffs and each of the other members of the Statewide Classes recover the amounts by which AT&T Mobility has been unjustly enriched;

(e)     AT&T Mobility be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

(f)     Plaintiffs and each of the other members of the Statewide Classes recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

(g)     that Plaintiffs and each of the other members of the Statewide Classes be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

### VIII.   JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury with respect to all issues so triable.

Dated: April 21, 2010

Respectfully submitted,

By: /s/ Steven Jaffe
    Steven R. Jaffe
    Mark S. Fistos
    **FARMER, JAFFE, WEISSING,
    EDWARDS, FISTOS &
    LEHRMAN, LLC**
    425 N. Andrews Ave., Suite 2
    Ft. Lauderdale, Florida
    Tel:  (954) 524-2820
    Fax:  (954) 524-2822
    steve@pathtojustice.com
    mark@pathtojustice.com

    William M. Sweetnam
    **SWEETNAM LLC**
    5 Revere Drive, Suite 200
    Northbrook, Illinois  60062
    Tel:  (847) 498-7500
    Fax:  (847) 919-4399
    wms@sweetnamllc.com

    *Counsel for Plaintiffs*